UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. PHILLIPS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:24-cv-02284-JPH-TAB |
| | ) |
| VANIHEIL Warden, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

Petitioner James E. Phillips filed a petition for writ of habeas corpus challenging his prison disciplinary conviction in ISR-23-11-001326. This action is ripe for review, and the Court will issue its ruling in due course. Among Mr. Phillips's sanctions in ISR-23-11-001326, he is to pay $4,994.59 in restitution. Dkt. 9-4. He has filed a motion for preliminary injunction, seeking to have the restitution amount reduced to $500.00 during the pendency of this action. Dkt. 15. For the reasons set forth, that motion is **DENIED**.

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020) (internal quotations omitted). "A preliminary injunction is always appropriate to grant intermediate relief of the same

1

character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). If a motion for preliminary injunction, "deals with a matter lying wholly outside the issues in the suit," it should be denied. *Id.*

Relief pursuant to 28 U.S.C. § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler,* 802 F.3d 884, 894 (7th Cir. 2015). Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). A constitutional due process right does not similarly attach to a disciplinary sanction of restitution. *See Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009) ("[Petitioner]'s attack on counsel's handling of the restitution amount simply does not state a cognizable claim for relief under § 2254." (citation omitted)).

Mr. Phillips's 28 U.S.C. § 2254 petition is proceeding on his allegations that he was deprived of 2,235 days of earned credit time and was demoted in credit-earning class without due process. Should his petition be granted, the effect on his restitution sanction would be ancillary to the due process remedy. A reduction or elimination of Mr. Phillips's restitution amount is therefore not of the same character as that relief which may be fully granted and lies wholly outside the issues of this action. *See De Beers Consol. Mines*, 325 U.S. at 220. Indeed, a state prisoner may obtain habeas corpus relief "only on the ground

2

that he is in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2254(a), and challenging a restitution sanction is not engaging such grounds.

Accordingly, Mr. Phillips's motion for preliminary injunction, dkt. [15], is **DENIED**.

**SO ORDERED**.

Date: 3/9/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES E. PHILLIPS
106333
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
Katherine.Cornelius@atg.in.gov

3