UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES E. PHILLIPS, Petitioner, | ) | |
| v. | ) | No. 1:24-cv-02284-JPH-TAB |
| VANIHEIL Warden, Respondent. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PENDING MOTION, AND DIRECTING ENTRY OF FINAL JUDGMENT**

James E. Phillips' petition for a writ of habeas corpus seeks relief from his conviction and sanctions in prison disciplinary case ISR 23-11-1326. For the following reasons, his petition is **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass.*

*Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**II. Disciplinary Proceeding**

On November 2, 2023, Correctional Officer J. Jessie wrote a conduct report charging Mr. Phillips with battery against staff, offense A-117, stating:

> On 10/06/2023, at approximately 12:23pm, Officer J. Jessie was working on range 5F of J Cell-House. During this timeframe, Offender Phillips, James 106333 JH-2F-21, approached Officer Jessie and stabbed him several times with an institutional made weapon. Video review shows II Phillips stabbing Officer Jessie numerous times in the face/neck region. It was also noted that Phillips physically forced Officer Jessie's person into the expandable metal grating in this same area several times. It was communicated to the Office of Investigations that II Phillips stated he was attempting to murder Officer Jessie.

Dkt. 9-1.

A photograph of the weapon and photographs of Officer Jessie's numerous injuries are included in the evidence record. Dkt. 9-6; dkt. 11 (*ex parte*).

After Mr. Phillips was screened on the charge, a disciplinary hearing was conducted on December 14, 2023, but the conviction was later set aside for rehearing because it appeared that Mr. Phillips had not been provided with a lay advocate he had requested. Dkt. 21-1 at 6; dkt. 21-2 at 2.

On January 18, 2024, a screening officer again notified Mr. Phillips of the charge and provided him with a copy of the conduct report and notice of disciplinary hearing (screening report). Dkt. 9-2. Mr. Phillips pleaded not guilty. *Id.* He requested (1) pictures of Officer Jessie, which were denied as confidential, and (2) witness statements. The request for witness statements was denied because Mr. Phillips did not know the names of any witnesses. *Id.*

CPO J. Malott gave a statement:

> On 10/06/2023, at approximately 12:23pm, Officer J. Jessie was working on range 5F of J Cell-House. During this time frame, Offender Phillips, James 106333 approached Officer Jessie with an institutional made weapon and made several stabbing motions toward his face and chest region. Offender Phillips ended up stabbing Officer Jessie approximately 10 times in the neck/face region. Officer Jessie would need to be taken to the hospital via helicopter due to the injuries he suffered. Officer Jessie has not returned to work at this time due to the incident. When offender Phillips was being escorted to be transferred to another facility, it was reported to our office that Phillips intentions were to kill/murder Officer Jessie. The incident was recorded via video.

Dkt. 9-7 (errors in original).

The video evidence report stated the following:

> 12:23:00pm – time on video – The video shows Incarcerated Individual Phillips, James 106333 walk up to Officer Jessie and makes a stabbing motion at Officer Jessie's chest. An altercation presues with II Phillips making multiple, approximately 24, stabbing and slashing motions at Officer Jessie's head, neck and body. A weapons can be seen in II Phillips right hand.
>
> 12:23:28pm – An unknown officer runs up the stairs and grabs II Phillips from behind and pulls him off of Officer Jessie and all three fall to the floor. The unknonw officer hold onto II Phillips as Officer Jessie struggles with II Phillips taking the weapon away from II Phillips.
>
> 12:23:49pm – Additional staff arrive Officer Jessie backs away adn lets the other officers place mechanical hand restraints on II Phillips and escort him away.

Dkt. 9-5 (errors in original).

At the disciplinary hearing conducted on January 30, 2024, Mr. Phillips said, "They didn't give me a chance to call a witness." Dkt. 9-4. Disciplinary hearing officer ("DHO") Pope reviewed the staff reports, Mr. Phillips' statement,

the photographs, physical evidence, and video evidence and found Mr. Phillips guilty of committing battery against staff. *Id.*

The DHO sanctioned Mr. Phillips with one year in disciplinary restrictive housing, restitution in the amount of $4,994.59, the loss of 2,235 days of earned credit time, and a demotion in credit class. *Id.* Mr. Phillips' appeals were denied. This habeas action followed.

**III. Discussion**

Mr. Phillips claims that: 1) he was denied the opportunity to call witnesses; 2) he was denied an impartial hearing officer; 3) he was retaliated against because of the nature of the charge; 4) there was insufficient evidence; and 5) the amount of restitution was excessive. Dkt. 1.

**A. Denial of Witnesses**

Mr. Phillips claims that he was denied the ability to identify and call witnesses because he was transferred to a different facility on the day of the assault. Dkt. 1 at 3. He alleges that a witness's "testimony could have played a mitigating factor in the outcome of the case and the outcome of the sanctions that were imposed." *Id.* In his reply, he argues that witnesses would prove that he punched but did not stab Officer Jessie and that he did not possess a homemade weapon. Dkt. 12 at 1-2.

The right to call witnesses extends only to "material exculpatory evidence." *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v.*

*McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). The right is further limited in that "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). "Inmates have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974)).

Even if Mr. Phillips had identified potential witnesses and what their testimony would have been, the video evidence and photographs of Officer Jessie's cuts and stab wounds clearly show that Mr. Phillips used a weapon to stab Office Jessie. So, any witness testimony that Mr. Phillips did not possess a weapon and only punched Officer Jessie would not be exculpatory because there is no reasonable probability that the result would have been different. The video is clear as are the photographs of Officer Jessie's serious injuries and the weapon. Mr. Phillips was not denied any material, exculpatory witness.

**B. Impartial Decisionmaker**

Mr. Phillips next argues that the DHO was not impartial because of the nature of the offense—assault against staff. Inmates facing disciplinary charges have a due process right to be heard by an impartial decisionmaker. Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, "the constitutional standard for impermissible

bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667. Another possible example of bias is if the DHO were found to have an intimate relationship with a crucial witness in the case. *See Eads vs. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

None of those circumstances of impermissible bias are alleged here. Mr. Phillips does not allege that the DHO was involved in the incident or the investigation, or that she had an inappropriate relationship with any witness. The fact that the assault was on a staff member, was serious, and that severe sanctions were imposed does not show that the DHO failed to be impartial. There is no evidence of bias in this case, so Mr. Phillips is not entitled to relief on this claim.

**C. Some Evidence**

Mr. Phillips argues that he did not possess a weapon, relying on the fact that he was not charged with possession of a weapon. Dkt. 12 at 2. He admits to "punching" but not "stabbing" the officer. *Id.* The Court construes this claim as a challenge to the sufficiency of the evidence. In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the

"beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same).

Contrary to Mr. Phillips' contention that the video did not show him using a weapon, the Court's review of the video evidence is consistent with that of the reviewing officer. Dkt. 9-5. The video shows Mr. Phillips using a weapon and Officer Jessie taking it away from Mr. Phillips after the assault and later handing it to another officer. Moreover, the record includes a photograph of the homemade weapon. Dkt. 9-6.

Moreover, the term "battery" is defined by the Department of Correction as "knowingly or intentionally touching another person in a rude, insolent or angry manner." Dkt. 9-11 at 3. Mr. Phillips' admission that he punched the officer therefore defeats his challenge to the sufficiency of the evidence.

Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Jones*, 637 F.3d at 849. The Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). In this case, there was ample evidence, including the conduct report, photographs, staff reports, and video footage, to support the charge of battery against a staff person.

**D. Retaliation**

Mr. Phillips argues that he was retaliated against as evidenced by the harsh sanctions. Dkt. 1 at 3. "Prisoners have a right to be free from retaliation by prison officials but ... the procedural requirements of *Wolff* adequately protect prisoners from fraudulent charges." *Wilson v. McBride*, 93 F. App'x 994, 996 (7th Cir. 2004) (citing *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999); *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987)); *see also Lee v. Berge*, 14 F. App'x 690, 693 (7th Cir. 2001) ("[R]etaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process."). Mr. Phillips has not demonstrated a due process violation, so "his retaliation claim also fails." *Id.*

**E. Restitution**

Mr. Phillips' final claim is that the amount of restitution, $4,994.59, was excessive. Dkt. 1 at 3-4. He contends that during his initial hearing, he was sanctioned with only $500.00 in restitution, and that the rehearing should be set aside. *Id.* at 4. This claim fails because "restitution does not impact the fact or duration of [the petitioner's] confinement and therefore is not a valid basis for habeas corpus relief." *Smith v. Neal*, 660 F. App'x 473, 475 (7th Cir. 2016) (even though on rehearing, additional restitution order of $21,735 was imposed, challenge to restitution order was not valid habeas claim). Moreover, as discussed above, there is no showing of any due process violation, including a biased decisionmaker. In addition, the hearing officer in the second hearing was not the same as the original hearing officer. Dkts. 30-1 at 1, 3; *see Smith,* 660 F.

App'x at 475 (new hearing officer and lack of bias defeated allegation of vindictiveness); *United States v. Cheek,* 3 F.3d 1057, 1064 (7th Cir. 1993) (when a second judge imposes a greater sentence on retrial, there is no presumption of vindictiveness).

## IV. Motion for Judicial Review

Mr. Phillips' motion for judicial review of an administrative action, dkt. 30, asks the Court to review the restitution order. He asks the Court to limit the amount of restitution to the $500.00 that was imposed during his first hearing. *Id.*; dkt. 34-1 at 1. The motion for judicial review, dkt. [30], is **denied** because, as discussed above, "restitution does not impact the fact or duration of [the petitioner's] confinement and therefore is not a valid basis for habeas corpus relief." *Smith*, 660 F. App'x at 475.

## V. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding that entitles Mr. Phillips to the relief he seeks. Accordingly, Mr. Phillips' petition for a writ of habeas corpus must be **denied.**

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 10/22/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES E. PHILLIPS
106333
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
Katherine.Cornelius@atg.in.gov